IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARRYL DOSS, an individual, | ) |
| | ) |
| Plaintiffs, | ) Case No.: 2:24-cv-00954 |
| | ) |
| v. | ) |
| | ) |
| MIDEA AMERICA CO., a Florida Corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, **DARRYL DOSS** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC,** hereby submits the following Complaint and Demand for Jury Trial against Defendant. **MIDEA AMERICA CO.** (hereafter referred to as "Midea America" and "Defendant"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Midea America designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Instant Pot DUO 6-Quart Electric Pressure Cooker," which specifically includes the DUO 60 V3 model (referred to hereafter as "pressure cooker(s)" or "subject pressure cooker") that is at issue in this case.

2. Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that

---

[1] *See generally*, Instant Pot DUO V3 User Manual. A copy of the User Manual is attached hereto as "Exhibit A."

1

suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid of the pressure cooker was able to be opened or removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

5. Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like him.

6. As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF DARRYL DOSS**

7. Plaintiff Darryl Doss is a resident and citizen of the City of Frankfort, County of Franklin, State of Kentucky. Plaintiff is therefore a resident and citizen of the State of Kentucky for purposes of diversity pursuant to 28 U.S.C. § 1332.

8. On or about March 7, 2023, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid ability to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms" and "pressure control features"[2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of the Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT MIDEA AMERICA CORP.

9. Defendant Midea America Corp. designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

10. Midea America is, and was at the time of Plaintiff's injuries, a corporation organized and existing under the laws of the State of Florida with its headquarters and principal place of business located in Parsippany, New Jersey. Midea America does business in all 50 states. Midea America is therefore deemed to be a resident and citizen of both the State of Florida and the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11. At all times relevant, Midea America substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

12. Midea America transacts business in New Jersey; derives substantial revenue from goods

---

[2] *Id.* at pgs. 22-29.

sold, purchased, distributed and/or used in New Jersey; regularly does or solicits business in New Jersey; and committed tortious acts and/or omissions that caused injury in New Jersey. Midea America derives revenue from the sales of consumer products within New Jersey and has purposefully availed itself of the privilege of doing business in New Jersey. It marketed, distributed, and sold the subject pressure cookers in New Jersey. Midea America has sufficient "minimum contacts" with New Jersey such that subjecting it to personal jurisdiction here does not offend traditional notions of fair play and substantial justice. Exercising personal jurisdiction over Midea America in this Court comports with due process.

13. Further, because Midea America maintains its headquarters and its principal place of business in the State of New Jersey, it is "at home" in New Jersey and is a resident of the State of New Jersey for purposes of personal jurisdiction.

14. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Defendant maintains a headquarters and a principal place of business in this district and is deemed a citizen of this district for purposes of diversity pursuant to 28 U.S.C. § 1332.

16. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New Jersey and intentionally availed itself of the markets within the State of New Jersey through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

17. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

18. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to be designed with "pressure control features" which are "integral part[s] of product safety,"[3] misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use. Specifically, the Owner's Manual assures consumers that "[o]nce enough steam has built up inside the inner pot, the float valve pops up and locks the lid of the cooker in place for safe pressure cooking."[4]

19. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20. Plaintiff used the pressure cooker for its intended purpose of preparing meals for himself and/or his family and did so in a manner that was reasonable and foreseeable by the Defendant.

21. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, and removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

22. The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

---

[3] Instant Pot DUO V3 User's Manual, pgs. 21-27.
[4] Instant Pot DUO V3 User's Manual, pg. 30.

23. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

24. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

25. As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, and its failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

26. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of the subject pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 *et. seq.*)

27. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

28. This Count is brought pursuant to N.J.S.A. §2A:58C-1 *et. seq.*, the New Jersey Products Liability Act.

29. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

30. Defendant's actions and omissions were the direct and proximate cause of the Plaintiffs' injuries and damages.

31. Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq.*, is liable unto Plaintiff for his injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

32. Specifically, Defendant's pressure cookers are unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff, as it did in this case.

33. Further, reasonable consumers, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able to detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

34. Plaintiff is entitled to and demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

    A.    On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper.

Date: <u>February 20, 2024</u>　　　　　　　　　　Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**

<u>/s/ Marc Grossman</u>
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600
(516) 741-0128 (fax)
mgrossman@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN 0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN 0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***